## STOVALL *et al. v.* BROAD RIVER DRAINAGE DISTRICT *et al.*

1. It is competent for the board of drainage commissioners, created under the statute relating to county drainage, to levy an assessment on the lands included in the district and taxable for the purpose of maintaining the drainage, without a preliminary survey and report of the viewers, or the action of the drainage court.

2. The levy of a tax for the maintenance and improvement of the drainage established in the year 1920 was illegal, because of the failure upon the part of the authorities to comply with certain necessary formalities in the assessment and levy of the tax; and the commissioners having made in 1921 a proper and valid levy of the tax, the same in amount and for the same purpose as that made in 1920, it afforded no ground of complaint to the petitioners in this case, who did not pay any of the tax under the invalid levy in 1920, levied for maintenance and improvement of the drainage system, that the county authorities directed that the money collected under the illegal levy of 1920 be repaid to those taxpayers who had paid the amount fixed by that levy, or allowed it as a credit on the 1921 levy.

                    No. 3253.   FEBRUARY 20, 1923.

Petition for injunction. Before Judge Hodges. Franklin superior court. April 24, 1922.

*W. W. Stark,* for plaintiffs.

*Russell & Chandler,* for defendants,

BECK, P. J. 1. Section 439 (a) of the Political Code of 1910 provides for the creation of a court to establish a drainage system; and it is therein declared that the clerk of the superior court, together with the board of commissioners of roads and revenues, or, where there is no such board, the ordinary of any county of the State, shall constitute a court to have jurisdiction and authority to establish a levee or drainage district or districts in his county, and to locate and establish levees, drains, or canals, and to cause the same to be constructed, straightened, etc., to build levees or embankments, etc. Section 439 (b) makes provision for the procedure to establish drainage districts. It provides for a petition filed in the office of the clerk of the superior court of the county in which are located the lands to be affected or assessed; and for the appointment by the court, upon the return day, of a drainage engineer and two resident freeholders of the county or counties in which the lands are located, as a board of viewers, to examine the lands described in the petition and to make preliminary report. Section 439 (c) declares that the board

of viewers shall examine the lands described in the petition and other lands, if necessary, to locate properly such improvement or improvements as are petitioned for, along the route described in the petition, or any other route answering the same purpose if found more practicable, and may make surveys necessary to determine the boundaries and elevation of the several parts of the districts; and shall make and return to the clerk of the superior court within thirty days, unless the time shall be extended by the court, a written report which shall set forth whether the proposed drainage is practicable or not; whether it will benefit the public health, or any public highway, or be conducive to the general welfare of the community; whether the improvement proposed will benefit the lands sought to be benefited; whether or not all the lands that are benefited are included in the proposed drainage district. Provision is also made for filing maps, etc., and other information tending to show the correctness of their findings. Section 439 (d) provides that the court shall consider this report; and that if the viewers report that the drainage is not practicable, or that it will not be conducive to the general welfare of the community, nor benefit the public health, etc., and the court shall approve such finding, the petition shall be dismissed; but it may again be instituted within six months upon proper showing. But if the viewers report that the drainage is practicable and will be of probable benefit, etc., and the court shall so find, a day shall be fixed when the report shall be further heard and considered.

The next section provides for notice of hearing on the report; and then follows, in section 439 (f), provision of the powers and duties of the court on hearing. Provision is made for the amendment of the petition, and for further examination and report by the viewers; and when the facts which are necessary to show the above conditions have been established to the satisfaction of the court, and the boundaries of the proposed districts have been determined, the court shall " declare the establishment of the drainage or levee district, which shall be designated by name or number." Sections 439 (g) to 439 (m), inclusive, relate to condemnations of rights of way, and to appeals by persons owning lands within the drainage district who think their lands will not be benefited by the improvements proposed; also to surveys, plans and

specifications, and the kinds of surveys to be made; to assessment of damages and estimate of benefits. Other sections relate to extension of time for report, for final report and notice of hearing, filing of objections to the report, and judgment of the court, and for the keeping of a "drainage record." Section 439(s) declares that "after the said drainage district shall have been established as aforesaid and the survey and plan therefor approved, the court shall appoint three persons who shall be designated as the board of drainage commissioners." In the same section it is provided for the organization of the board and election of the secretary, for the treasurer of the county to be ex-officio treasurer of the commissioners, for the adoption of a seal, etc. Section 439(cc) reads, in part, as follows: "Whenever any improvement constructed under this law is completed, it shall be under the control and supervision of the board of drainage commissioners. It shall be the duty of the said board to keep the levee, ditch, drain, or watercourse in good repair; and for this purpose they may levy an assessment on the lands benefited by the construction of said improvement in the same manner and in the same proportion as the original assessments were made, and the fund that is collected shall be used for repairing and maintaining the ditch, drain, or watercourse in perfect order."

In this petition for injunction it is complained that the levy of the assessment was made by the board of drainage commissioners without the preliminary steps essential to a valid levy having been taken; for it is insisted that before the levy could be made the viewers must make report of the extra work to be done and the estimated cost thereof, that this report should be filed with the drainage court, that an opportunity to be heard thereon by the landowners and an opportunity to file their objections thereto must be given; and that it is not sufficient for the board of drainage commissioners to merely give notice through the official organ of the county that they, without the report of viewers showing an estimate of the extra work needed, will on a certain day levy an extra assessment for maintenance and the removal of rocks. We do not think the contention of the petitioners for injunction is sound, in view of the provisions of section 439(cc) quoted above. The work of the viewers and the engineers and the action of the court after notice, etc., and the pro-

vision for appeal, relate to the establishment of the drainage districts and the measures preliminary and essential thereto; but it is not essential under the provisions of section 439 (cc), which relates to the maintenance of the drainage district, that all those steps should be taken, which were essential before the establishment and completion of the improvements. If it were necessary, every time a large rock should fall into the drainage ditch, or part of the bank should cave in, or there should be such an accumulation of mud as to obstruct the ditch, that the court should be reorganized and viewers appointed, who should make a report, then the board of drainage commissioners could not effectively carry out the provisions of the law which makes it the duty of that board to keep the levee, ditch, and drains, in good repair. Section 439 (cc) evidently contemplates, for the purpose of defraying the expenses incident to keeping the drainage ditch or watercourse in repair, that the board can levy an assessment for this purpose without the intervention of the court of drainage, and the putting in motion of the machinery and procedure necessary to the establishment of the drainage district. It is declared, in the act relative to drainage and the creation of drainage districts, that the law shall be construed liberally to promote the ends for which the law was enacted. But if we were to construe it as petitioners contend that it should be construed, we would obstruct, and to a large extent render nugatory, the statutes in regard to drainage, which the legislature evidently thought to be of great public benefit and for the public good.

2. Headnote 2 needs no elaboration. What is said above decides the controlling questions in the case; and it follows from the rulings that the court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs in the result.